**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CREATEADS LLC,<br><br>                    Plaintiff<br><br>v.<br><br>AMERICAN GREETINGS<br>CORPORATION,<br><br>                    Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff CreateAds LLC ("CreateAds") alleges as follows:

**BACKGROUND**

1.      Clive Gay is a visionary in the advertising and reprographic industry. Back in the early 1990s, Mr. Gay was working in London and saw the problems associated with generating visual designs.  For example, in advertising, agencies typically required a week or more to generate visual designs.  Mr. Gay envisioned an automated method whereby, among other things, software could use predetermined design parameters and predetermined visual design applications to quickly and easily generate visual designs.  This led to the filing of the patent application resulting in U.S. Patent No. 5,535,320 (the "CreateAds patent" or "'320 patent").  In addition, Mr. Gay, along with Henri Frencken, developed and refined the software over several years and at the cost of several million dollars.  Aspects of this software power two of Mr. Gay's companies, CreateAds.com (www.createads.com) and Simply D'nA (www.simplydna.com), which at their peak had over 80 employees including eight software developers.  The technology of the CreateAds patent has been adopted by several segments of the visual design

industry, including business marketing, customized user interfaces, personalized products, and advertising.

2.      CreateAds is the owner by assignment of the '320 patent.  The CreateAds patent is entitled "Method of Generating a Visual Design."  The CreateAds patent issued on July 9, 1996, based on U.S. Patent Application No. 268,613, filed July 1, 1994, and United Kingdom Patent Application No. 9313761, filed July 2, 1993.  A true and correct copy of the CreateAds patent is attached hereto as Exhibit A.

## PARTIES

3.      CreateAds is a Delaware limited liability company.

4.      Defendant American Greetings Corporation ("American Greetings" or "Defendant") is an Ohio corporation with a principal place of business at One American Road, Cleveland, Ohio 44144.  Defendant has appointed CSC-Lawyers Incorporating Service, 50 W. Broad Street, Suite 1800, Columbus, Ohio 43215, as its agent for service of process.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has established minimum contacts with the forum state of Delaware. Defendant, directly and/or through third-party intermediaries, makes, uses, imports, offers for sale, and/or sells products and services within the state of Delaware. Additionally, on information and belief, Defendant has committed and continues to

commit acts of direct and indirect infringement in this District by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to perform method steps claimed by CreateAds' patent in Delaware.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because, among other reasons, Defendant has conducted and continues to conduct regular and ongoing business in Delaware.  Additionally, on information and belief, Defendant has committed and continues to commit acts of direct and indirect infringement in this District by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to perform method steps claimed by CreateAds' patent in Delaware.

**COUNT I**
**(Infringement of U.S. Patent No. 5,535,320)**

8.      In violation of one or more provisions of 35 U.S.C. § 271, Defendant has been and still is infringing one or more claims of the CreateAds patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing, without license or authority, template-based visual design generation products and services, including, but not limited to, the template-based visual design generation software offered on the "Personalized Cards" sections of the cardstore.americangreetings.com website ("the American Greetings website").

9.      Additionally, Defendant also has infringed and continues to infringe the CreateAds patent by actively inducing infringement of the CreateAds patent. On January 9, 2013, Defendant received a letter notifying it that its template-based visual design generation products and services infringe one or more claims of the CreateAds patent. Defendant has had actual knowledge of the CreateAds patent since at least January 9,

2013,[1] or alternatively since being served with this complaint, and Defendant has induced infringement of the CreateAds patent since at least this time by providing instructions and assistance to users/customers on how to utilize the products and services offered on the "Personalized Cards" sections of the American Greetings website such that a plurality of visual design elements and a plurality of predetermined design parameters are stored; one of a plurality of predetermined visual design applications, wherein each predetermined visual design application is associated with a predetermined design parameter, and a visual design element, are selected; and a visual design using the selected visual design element, with the size and position of the element in the visual design being determined by the predetermined design parameter, and a representation of the visual design, are generated.  By continuing the representative aforementioned activities with knowledge of the CreateAds patent, Defendant has known, or should have known, that it was inducing infringement by causing the method steps of the CreateAds patent to be performed.

10.     To the extent that facts learned in discovery show that Defendant's infringement of the CreateAds patent is or has been willful, CreateAds reserves the right to request such a finding at the time of trial.

11.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the CreateAds patent.  For example, the '320 patent is clearly identified on the homepage of the CreateAds.com website (www.createads.com).

12.     As a result of Defendant's infringement of the CreateAds patent, CreateAds has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made

---

[1] *See* Exhibit B.

4

of the invention by Defendant, together with interest and costs as fixed by the Court, and CreateAds will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

13.     Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the CreateAds patent, CreateAds will be greatly and irreparably harmed.

**PRAYER FOR RELIEF**

CreateAds prays for the following relief:

A.     A judgment that Defendant has infringed, directly or indirectly, one or more claims of the CreateAds patent;

B.     A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from infringing either of the CreateAds patent;

C.     A judgment and order requiring Defendant to pay CreateAds its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's acts of infringement in accordance with 35 U.S.C. § 284;

D.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to CreateAds its reasonable attorneys' fees against Defendant;

E.      A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to CreateAds, including, without limitation, prejudgment and post-judgment interest; and

F.      Any and all other relief to which CreateAds may be entitled.

## <u>JURY TRIAL DEMANDED</u>

CreateAds hereby demands a trial by jury of all issues so triable.


January 10, 2013

Of Counsel:

Alexander C. D. Giza
Daniel P. Hipskind
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
agiza@rawklaw.com
dhipskind@raklaw.com
(310) 826-7474

**BAYARD, P.A.**

 /s/ Stephen B. Brauerman
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com


*Attorneys for Plaintiff,*
*CreateAds LLC*