# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREATEADS LLC, | |
| Plaintiff, | |
| v. | C.A. No. 1:13-cv-00069-GMS |
| AMERICAN GREETINGS CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |
| AMERICAN GREETINGS CORPORATION, | |
| Counter-Plaintiff, | |
| v. | |
| CREATEADS LLC, | |
| Counter-Defendant. | |

## AMERICAN GREETINGS CORPORATION'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIM

Defendant, American Greetings Corporation ("American Greetings"), by and through its attorneys, Reed Smith LLP, responds to Plaintiff's Complaint for Patent Infringement and counterclaims as follows:

## BACKGROUND

1. Clive Gay is a visionary in the advertising and reprographic industry. Back in the early 1990s, Mr. Gay was working in London and saw the problems associated with generating visual designs. For example, in advertising, agencies typically required a week or more to generate visual designs. Mr. Gay envisioned an automated method whereby, among other things, software could use predetermined design parameters and predetermined visual design applications to quickly and easily generate visual designs. This led to the filing of the patent application resulting in U.S. Patent No. 5,535,320 (the "CreateAds patent" or '320 patent"). In addition, Mr. Gay, along with Henri Frencken, developed and refined the software over several years and at the cost of several million dollars. Aspects of this software power two of Mr. Gay's companies, CreateAds.com (www.createads.com) and Simply D'nA (www.simplydna.com), which at their peak had over 80 employees including eight software developers. The technology of the CreateAds patent has been adopted by several segments of the visual design industry,

including business marketing, customized user interfaces, personalized products, and advertising.

ANSWER: American Greetings is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and, therefore, denies those allegations.

2. CreateAds is the owner by assignment of the '320 patent. The CreateAds patent is entitled "Method of Generating a Visual Design." The CreateAds patent issued on July 9, 1996, based on U.S. Patent Application No. 268,613, filed July 1, 1994, and United Kingdom Patent Application No. 9313761, filed July 2, 1993. A true and correct copy of the CreateAds patent is attached hereto as Exhibit A.

ANSWER: American Greetings admits that a copy of U.S. Patent No. 5,535,320 is attached to Plaintiff's Complaint. American Greetings is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 and, therefore, denies those allegations.

## **PARTIES**

3. CreateAds is a Delaware limited liability company.

ANSWER: American Greetings is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and, therefore, denies those allegations.

4. Defendant American Greetings Corporation ("American Greetings" or "Defendant") is an Ohio corporation with a principal place of business at One American Road, Cleveland, Ohio 44144. Defendant has appointed CSC-Lawyers Incorporating Service, 50 W. Broad Street, Suite 1800, Columbus, Ohio 43215, as its agent for service of process.

ANSWER: American Greetings admits the allegations of Paragraph 4.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

ANSWER: American Greetings admits the allegations of Paragraph 5.

6. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has established minimum contacts with the forum state of Delaware. Defendant, directly and/or through third-party intermediaries, makes, uses, imports, offers for sale, and/or sells products and services within the state of Delaware. Additionally, on information and belief, Defendant has committed and continues to commit acts of direct and indirect infringement in this District by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to perform method steps claimed by CreateAds' patent in Delaware.

ANSWER: American Greetings admits that this Court has personal jurisdiction over American Greetings. American Greetings admits that it directly and/or through third-party intermediaries, makes, uses, imports, offers for sale, and/or sells products and services within the state of Delaware. American Greetings denies the remaining allegations of Paragraph 6.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because, among other reasons, Defendant has conducted and continues to conduct regular and ongoing business in Delaware. Additionally, on information and belief, Defendant has committed and continues to commit acts of direct and indirect infringement in this District by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to perform method steps claimed by CreateAds' patent in Delaware.

ANSWER: American Greetings denies the allegations of Paragraph 7.

## COUNT I
### (Infringement of U.S. Patent No. 5,535,320)

8. In violation of one or more provisions of 35 U.S.C. § 271, Defendant has been and still is infringing one or more claims of the CreateAds patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing, without license or authority, template-based visual design generation products and services, including, but not limited to, the template-based visual design generation software offered on the "Personalized Cards" sections of the cardstore.americangreetings.com website ("the American Greetings

website").

> ANSWER: American Greetings denies the allegations of Paragraph 8.

9. Additionally, Defendant also has infringed and continues to infringe the CreateAds patent by actively inducing infringement of the CreateAds patent. On January 9, 2013, Defendant received a letter notifying it that its template-based visual design generation products and services infringe one or more claims of the CreateAds patent. Defendant has had actual knowledge of the CreateAds patent since at least January 9, 2013, or alternatively since being served with this complaint, and Defendant has induced infringement of the CreateAds patent since at least this time by providing instructions and assistance to users/customers on how to utilize the products and services offered on the "Personalized Cards" sections of the American Greetings website such that a plurality of visual design elements and a plurality of predetermined design parameters are stored; one of a plurality of predetermined visual design applications, wherein each predetermined visual design application is associated with a predetermined design parameter, and a visual design element, are selected; and a visual design using the selected visual design element, with the size and position of the element in the visual design being determined by the predetermined design parameter, and a representation of the visual design, are generated. By continuing the representative aforementioned activities with knowledge of the CreateAds patent, Defendant has known, or should have known, that it was inducing infringement by causing the method steps of the CreateAds patent to be performed.

> ANSWER: American Greetings denies the allegations of the first sentence of Paragraph 9. American Greetings admits that American Greetings received a letter dated January 9, 2013 in which plaintiff's counsel alleged that American Greetings infringed the patent in suit. The remaining allegations constitute legal conclusions to which no answer is required. To the extent that a response to those allegations are required, American Greetings denies the allegations in Paragraph 9.

10. To the extent that facts learned in discovery show that Defendant's infringement of the CreateAds patent is or has been willful, CreateAds reserves the right to request such a finding at the time of trial.

> ANSWER: The allegation constitutes legal conclusions to which no answer is required. To the extent that a response to the allegation is required, American Greetings denies the allegation in Paragraph 10.

11. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the CreateAds patent. For example, the '320 patent is clearly identified on the homepage of the CreateAds.com website (www.createads.com).

ANSWER: The allegation constitutes legal conclusions to which no answer is required. To the extent that a response to the allegation is required, American Greetings denies the allegation in Paragraph 11.

12. As a result of Defendant's infringement of the CreateAds patent, CreateAds has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and CreateAds will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

ANSWER: American Greetings denies the allegations in Paragraph 12.

13. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the CreateAds patent, CreateAds will be greatly and irreparably harmed.

ANSWER: American Greetings denies the allegations in Paragraph 13, including that CreateAds is entitled to the relief sought by its prayer for relief. Answering further, to the extent that any allegations of the Complaint have not been specifically admitted or denied, American Greetings denies them.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

14. American Greetings incorporates by reference the responses to the allegations set forth in Paragraphs 1 through 13.

15. American Greetings has not infringed and is not infringing the '320 Patent, either directly, indirectly, literally or under the Doctrine of Equivalents, and has not induced or

contributed to any activities of another which could possibly constitute an infringement of any of the claims of the '320 Patent.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

16. American Greetings incorporates by reference the responses to the allegations set forth in Paragraphs 1 through 13.

17. The '320 Patent is invalid and/or unenforceable for failure to meet requirements of the patent statutes set forth in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112 thereof and the rules, regulations and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

18. American Greetings incorporates by reference the responses to the allegations set forth in Paragraphs 1 through 13.

19. CreateAds has an adequate remedy at law for any alleged infringement of the '320 Patent, and no basis exists for a grant of equitable relief.

## FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

20. American Greetings incorporates by reference the responses to the allegations set forth in Paragraphs 1 through 13.

21. CreateAd's Complaint and the relief requested therein regarding any asserted claims of the '320 Patent are barred by the doctrine of prosecution history estoppel and/or prosecution history disclaimer.

## FIFTH AFFIRMATIVE DEFENSE
### (Prior Art Estoppel)

22. American Greetings incorporates by reference the responses to the allegations set

forth in Paragraphs 1 through 13.

23. CreateAd's patent claims are barred in whole or in part by the doctrine of prior art estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches and Estoppel)

24. American Greetings incorporates by reference the responses to the allegations set forth in Paragraphs 1 through 13.

25. CreateAds' attempted enforcement of the '320 Patent against American Greetings is barred by laches and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

26. American Greetings incorporates by reference the responses to the allegations set forth in Paragraphs 1 through 13.

27. American Greetings reserves the right to amend its Answer to add additional affirmative defenses consistent with the facts discovered in this case.

## COUNTERCLAIMS

Defendant-Counterclaim Plaintiff American Greetings Corporation ("American Greetings") hereby pleads the following counterclaims against Plaintiff-Counterclaim Defendant CreateAds LLC ("CreateAds").

## JURISDICTION AND VENUE

1. American Greetings is an Ohio corporation with a principal place of business in Cleveland, Ohio.

2. Subject to American Greetings' affirmative defenses and denials, American

Greetings' alleged Counterclaims arise under the patent laws of the United States, Title 35 of the United States Code, and the declaratory judgment provisions of Sections 2201 and 2202 of Title 28 of the United States Code. The Court's jurisdiction over the subject matter of these Counterclaims is based on 28 U.S.C. Sections 1331, 1367(a), 1338(a), 2201 and 2202.

3. This Court has personal jurisdiction over CreateAds because, among other things, it has consented to jurisdiction by filing the instant case.

4. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

### FIRST COUNTERCLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of the '320 Patent)**

5. American Greetings repeats and realleges each and every allegation in the foregoing Paragraphs as though fully set forth herein.

6. As a result of CreateAds' actions and statements, including the filing of this action, an actual controversy exists between the parties regarding the alleged infringement by American Greetings of any asserted claims of the '320 Patent.

7. American Greetings has not infringed, and is not now infringing, either directly, contributorily or through inducement, any asserted claims of the '320 Patent.

8. American Greetings is entitled to a declaration that it has not infringed and does not infringe any asserted claims of the '320 Patent asserted by CreateAds in this action.

WHEREFORE, American Greetings prays for relief as set forth below.

### SECOND COUNTERCLAIM FOR RELIEF
**(Declaratory Judgment of Invalidity of the '320 Patent)**

9. American Greetings repeats and realleges each and every allegation in the foregoing Paragraphs as though fully set forth herein.

10. As a result of CreateAds' actions and statements, including the filing of this

action, an actual controversy exists between the parties regarding the alleged infringement by American Greetings of any asserted claims of the '320 Patent.

11. American Greetings is informed and believes and thereon alleges that any and all claims of the '320 Patent asserted by CreateAds in this action are invalid because the alleged invention claimed in that patent fails to satisfy requirements of the patent statutes set forth in Title 35 of the United States Code, including but not limited to Sections 101, 102, 103 and/or 112.

WHEREFORE, American Greetings prays for relief as set forth below.

## **REQUEST FOR RELIEF**

Wherefore American Greetings prays for judgment against CreateAds as follows:

1. An order dismissing CreateAds' Complaint with prejudice and denying all relief requested therein;

2. Judgment in favor of American Greetings and against CreateAds on all of CreateAds' claims asserted in the Complaint;

3. A judgment declaring that American Greetings has not infringed and does not infringe literally or through the Doctrine of Equivalents any of the claims of the '320 Patent asserted by CreateAds in this action;

4. A judgment declaring that the claims of the '320 Patent asserted by CreateAds in this action are invalid, void, unenforceable, and without force and effect;

5. A judgment declaring that this action is an exceptional case within the provisions of 5 U.S.C. § 285 and that American Greetings is therefore entitled to a recovery of its reasonable attorneys' fees upon prevailing in this action;

6. An order that American Greetings be awarded all costs and interests incurred in

defending this lawsuit; and

7. Such other and further relief as this Court deems just and appropriate.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), American Greetings demands a trial by jury on all counts of the Complaint, the Answer and Counterclaims so triable.

| | |
|---|---|
| Dated: March 14, 2013 | REED SMITH LLP |
| | */s/ Brian M. Rostocki*<br>Brian M. Rostocki (No. 4599)<br>1201 North Market Street, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 778-7500 |
| OF COUNSEL: | Facsimile: (302 778-7575<br>brostocki@reedsmith.com |
| James T. Hultquist<br>REED SMITH LLP<br>10 South Wacker Drive, 40th Floor<br>Chicago, IL 60606<br>Telephone: (312) 207-1000<br>Facsimile: (312) 207-6400<br>jhultquist@reedsmith.com | |
| | *Counsel for Defendant/Counter-Plaintiff*<br>*American Greetings Corporation* |

# CERTIFICATE OF SERVICE

I, Brian M. Rostocki, Esquire, hereby certify that on March 14, 2013, I caused a true and correct copy of *American Greetings Corporation's Answer to Complaint for Patent Infringement and Counterclaim* to be served on the parties listed below via the Court's CM-ECF system:

| | |
|---|---|
| Stephen B. Brauerman, Esq.<br>Richard D. Kirk, Esq.<br>Vanessa R. Tiradentes, Esq.<br>BAYARD, P.A.<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801<br>sbraeuerman@bayardlaw.com<br>rkirk@bayardlaw.com<br>vtiradentes@bayardlaw.com | Alexander C. D. Giza, Esq.<br>Marc A. Fenster, Esq.<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA 90025<br>agiza@rawklaw.com<br>mfenster@rawklaw.com |

Dated: March 14, 2013                    REED SMITH LLP

                                             */s/ Brian M. Rostocki*
                                             Brian M. Rostocki (No. 4599)
                                             1201 Market Street, Suite 1500
                                             Wilmington, DE 19801-1163
                                             Telephone: (302) 778 7500
                                             Facsimile: (302) 778 7575
                                             brostocki@reedsmith.com

                                             *Counsel for Defendant/Counter-Plaintiff*
                                             *American Greetings Corporation*